UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRIS LEON SPELLS,<br><br>                                Petitioner,<br><br>v.<br><br>SCOTT KERNAN,<br><br>                                Respondent. | Case No.: 16-cv-102-BAS (WVG)<br><br>**REPORT AND<br>RECOMMENDATION<br>ON PETITION FOR<br>WRIT OF HABEAS CORPUS** |

## I. INTRODUCTION

Chris Leon Spells, a state inmate serving an indeterminate term of 26 years to life, has filed this Petition for Writ of Habeas Corpus ("Petition") under 28 U.S.C. § 2254 challenging the denial of his petition for resentencing under the California Three Strikes Reform Act of 2012. The matter is before the undersigned magistrate judge for preparation of a report and recommendation in accordance with 28 U.S.C. § 636(b)(1) and Civil Local Rule 72.1(d)(4). The Court has considered the Petition (ECF No. 1), Respondent's Answer (ECF No. 7), the Traverse (ECF No. 9), and the lodgments (ECF No. 8). For the reasons that follow, the Court **RECOMMENDS** that the Petition be **DENIED**.

## II. BACKGROUND

On April 6, 2010, a jury of the San Diego County Superior Court convicted Spells of unlawfully causing an inhabited structure to burn. (ECF No. 8-2 at 9.) The Three Strikes

sentencing law then in effect mandated that a defendant convicted of two or more violent or serious felonies be sentenced to 25 years to life upon conviction of a third felony. Former California Penal Code (hereinafter "C.P.C.") §§ 667, 1170.12. Spells's prior criminal history included a 1986 robbery conviction and a 1990 conviction on three counts of assault. (ECF No. 8-2 at 9.) Spells also had a prison prior. (ECF No. 8-2 at 9.) The trial court accordingly sentenced Spells to an indeterminate term of 25 years to life in prison, plus one year for the prison prior. (ECF No. 8-8 at 2.)

On November 6, 2012, voters approved Proposition 36, the Three Strikes Reform Act ("Reform Act"). Under the Reform Act, a defendant convicted of two prior serious or violent felonies is subject to a sentence of 25 years to life only if the third felony is also serious or violent. C.P.C. §§ 667, 1170.12. The Reform Act also provides a means for certain inmates currently serving 25 years to life for a third felony conviction imposed under the old law to petition for recall of sentence and resentencing. *Id.* § 1170.126. To be eligible, the inmate must satisfy the criteria set forth in C.P.C. § 1170.126(e): (1) the indeterminate life sentence must have been imposed under the Three Strikes Law for a conviction of a felony not defined as serious or violent by C.P.C. §§ 667.5(c) or 1192.7(c); (2) the current sentence must not have been imposed for any of the offenses appearing in revised C.P.C. §§ 667(e)(2)(C)(i-iii) or 1170.12(c)(2)(C)(i-iii); and (3) the inmate must not have been convicted of any of the offenses appearing in the new C.P.C. §§ 667(e)(2)(C)(iv) or 1170.12(c)(2)(C)(iv). *Id.* § 1170.126(e)(1-3). If the C.P.C. § 1170.126(e) criteria are satisfied, the inmate "shall be resentenced . . . unless the court, in its discretion, determines resentencing the petitioner would pose an unreasonable risk of danger to public safety." *Id.* § 1170.126(f). In making the risk of danger determination, the court may consider the inmate's criminal conviction history, disciplinary and rehabilitation record while incarcerated, and any other evidence the court deems relevant. *Id.* § 1170.126(g).

On December 20, 2012, Spells filed a petition in San Diego Superior Court seeking resentencing under the Reform Act. (ECF No. 8-2 at 26.) The court appointed counsel and Spells filed an amended petition on March 26, 2013. (ECF No. 8-2 at 36.) In its opposition,

the government conceded that Spells met the criteria for resentencing under C.P.C. § 1170.126(e) but argued that Spells remained an unreasonable risk of danger to public safety. (ECF No. 8-2 at 93-94.) In supplemental briefing, Spells argued that under *Apprendi v. New Jersey,* 530 U.S. 466 (2000), and its progeny, he had a constitutional right to have the question of whether he posed an unreasonable risk of danger to public safety submitted to a jury and proven beyond a reasonable doubt. (ECF No. 8-2 at 116.) Using a preponderance of the evidence standard, the trial court concluded that Spells posed an unreasonable risk of danger to society, and denied Spells's petition for recall of sentence. (ECF No. 8-8 at 4.)

Spells appealed to the California Court of Appeal Fourth District. On appeal, Spells renewed his argument that the trial court's preponderance of the evidence dangerousness determination violated *Apprendi*. Spells also argued that the trial court's determination that he posed an unreasonable risk of danger to public safety was an abuse of discretion. (ECF No. 8-9.) Relying on *People v. Superior Court (Kaulick)*, 215 Cal. App. 4th 1279 (2013), *People v. Osuna,* 225 Cal. App. 4th 1020 (2014), and *Dillon v. United States,* 560 U.S. 817 (2010), the Court of Appeal held that C.P.C. § 1170.126 did not implicate *Apprendi* because it permitted only a downward modification of an inmate's original sentence and because the trial court's dangerousness determination did nothing more than "disqualif[y] [Spells] from an act of lenity on part of the electorate to which [he] was not constitutionally entitled." (ECF No. 8-8 at 7.) The court also held that the trial court's factual findings were supported by the record and thus was not an abuse of discretion. (ECF No. 8-8 at 9.) Spells's petition for review in the California Supreme Court was summarily denied on September 9, 2015. (ECF No. 8-10.)

Spells filed his Petition for Habeas Corpus in this Court on January 14, 2016. (ECF No. 1.) Therein, Spells argues once again that the C.P.C. § 1170.126 proceeding violated his rights under *Apprendi* and its progeny to have facts that increase the prescribed range of penalties for a crime found by a jury and proven beyond a reasonable doubt. Respondent

filed an Answer on April 4, 2016. (ECF. No. 7.) Spells filed a Traverse on May 3, 2016. (ECF No. 9.)

## III. LEGAL STANDARD

This Petition was filed after April 24, 1996 and thus is governed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). *See Lindh v. Murphy*, 521 U.S. 320, 326 (1997). Under AEDPA, a court may not grant a habeas petition "with respect to any claim that was adjudicated on the merits in State court proceedings," 28 U.S.C. § 2254(d), unless the state court's judgment "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," § 2254(d)(1), or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding," § 2254(d)(2).

Clearly established federal law is "the governing principle or principles set forth by the Supreme Court at the time the state court renders its decision." *Lockyer v. Andrade*, 538 U.S. 63, 71-72 (2003). Precedent is not "clearly established" law under § 2254(d)(1) "unless it 'squarely addresses the issue' in the case before the state court [citation omitted] or 'establishes a legal principle that clearly extends' to the case before the state court." *Andrews v. Davis,* 798 F.3d 759, 773 (9th Cir. 2015) (quoting *Wright v. Van Patten*, 552 U.S. 120, 125-26 (2008) and *Moses v. Payne*, 555 F.3d 742, 754 (9th Cir. 2008)); *see also Carey v. Musladin*, 549 U.S. 70, 76-77 (2006). "[I]f a habeas court must extend a rationale before it can apply to the facts at hand, then by definition the rationale was not clearly established at the time of the state-court decision." *White v. Woodall*, 134 S. Ct. 1697, 1706 (2014). "Section 2254(d)(1) … does not require state courts to *extend* [Supreme Court] precedent or license federal courts to treat the failure to do so as error." *Id.* "[W]hen a state court may draw a principled distinction between the case before it and Supreme Court caselaw, the law is not clearly established for the state-court case." *Murdoch v. Castro*, 609 F.3d 983, 991 (9th Cir. 2010). "A principle is clearly established law governing the case 'if, and only if, it is so obvious that a clearly established rule applies to a given set of facts

that there could be no fairminded disagreement on the question. *Andrews*, 798 F.3d at 774 (quoting *White*, 134 S. Ct. at 1706-07).

A federal habeas court may grant relief under the "contrary to" clause if the state court "applies a rule that contradicts the governing law set forth in [Supreme Court] cases," or if it decides a case differently than the Supreme Court has done on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405-406 (2000). "The court may grant relief under the 'unreasonable application' clause if the state court correctly identifies the governing legal principle … but unreasonably applies it to the facts of a particular case." *Bell v. Cone*, 535 U.S. 685, 694 (2002). The "unreasonable application" clause requires that the state court decision be more than "incorrect or erroneous." *Andrews*, 798 F.3d at 774. "The pivotal question is whether the state court's application of [the law] was unreasonable." *Harrington v. Richter*, 562 U.S. 86, 101 (2011).

In deciding a habeas petition, a federal court is not called upon to decide whether it agrees with the state court's determination. Rather, § 2254(d) "sets forth a 'highly deferential standard, which demands that state-court decisions be given the benefit of the doubt.'" *Andrews*, 798 F.3d at 774 (quoting *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011)). While not a complete bar on the relitigation of claims already rejected in state court proceedings, § 2254(d) merely "'preserves authority to issue the writ in cases where there is no possibility fairminded jurists could disagree that the state court's decision conflicts with [Supreme Court precedent]' and 'goes no further.'" *Andrews,* 798 F.3d at 774 (quoting *Harrington*, 562 U.S. at 102). "[E]ven a strong case for relief does not mean that the state court's contrary conclusion was unreasonable." *Harrington*, 562 U.S. at 102.

A state court need not cite Supreme Court precedent when resolving a habeas corpus claim. See *Early v. Packer*, 537 U.S. 3, 8 (2002). "[S]o long as neither the reasoning nor the result of the state-court decision contradicts [Supreme Court precedent,]" the state court decision will not be "contrary to" clearly established federal law. *Id.*

## IV. DISCUSSION

The Sixth Amendment[1] requires that "any fact that, by law, increases the penalty for a crime is an 'element' that must be submitted to the jury and found beyond a reasonable doubt." *Alleyne v. United States*, 133 S. Ct. 2151, 2155 (2013); *see also Apprendi v. New Jersey,* 530 U.S. 466 (2000); *Blakely v. Washington,* 542 U.S. 296 (2004); *United States v. Booker*, 543 U.S. 220 (2005); *Cunningham v. California,* 549 U.S. 270 (2007). "The rule's animating principle is the preservation of the jury's historic role as a bulwark between the State and the accused at the trial of an alleged offense." *Oregon v. Ice*, 129 S. Ct. 711, 717 (2009).

The Supreme Court, however, has never held that *Apprendi* and its progeny apply to proceedings to recall, reduce, or modify a lawfully imposed sentence. In *Dillon*, on which the California Court of Appeal relied, the Court addressed the role of judicial fact-finding in proceedings under 18 U.S.C. § 3582(c)(2), which authorizes courts to reduce the sentence of a federal prisoner sentenced under a guidelines range subsequently lowered by the federal Sentencing Commission. 560 U.S. at 819. Finding that 18 U.S.C. § 3582(c)(2) authorized only a "modif[ication of] a term of imprisonment," not "a plenary resentencing proceeding," *id*. at 826, the Court held that proceedings under 18 U.S.C. § 3582(c)(2) did not implicate the interests addressed in *Apprendi* and its progeny, *id.* at 828-829. The Court noted that sentence modification proceedings under 18 U.S.C. § 3582(c)(2) were not constitutionally compelled, but rather represented a "congressional act of lenity." *Id*. at 828. The original sentence therefore could be taken "as given," and "any facts found by a judge at a 18 U.S.C. § 3582(c)(2) proceeding d[id] not serve to increase the prescribed

---

[1] Although Respondent argues that the Petition presents only a claim of state law error not cognizable on habeas corpus, Spells's claim is plainly federal. The cases cited by Respondent, (ECF No. 7-1 at 3) are not to the contrary. In each of the cases cited, the inmate was found ineligible under C.P.C. § 1170.126(e), and the state trial courts were therefore never called on to make a risk of danger determination under C.P.C. § 1170.126(f).

range of punishment; instead, they affect[ed] only the judge's exercise of discretion within that range." *Id.* at 828. The Court also found relevant that 18 U.S.C. § 3582(c)(2) authorized only a limited reduction in sentence among only a limited class of prisoners, *id.* at 825; that the court's authority to modify a sentence was contingent on decisions made in the first instance by the Sentencing Commission, *id.* at 826; and that Federal Rule of Criminal Procedure 43(b)(4) excepts 18 U.S.C. § 3582(c)(2) proceedings from the general rule that defendants must be present at sentencing, *id.* at 828.

Proceedings under C.P.C. § 1170.126 are, in several respects, similar to those under 18 U.S.C. § 3582(c)(2). Like 18 U.S.C. § 3582(c)(2), the Reform Act permits prisoners who have been lawfully sentenced to seek a sentence reduction in specific and limited circumstances. Like 18 U.S.C. § 3582(c)(2), the Reform Act applies only to a limited category of prisoners—inmates serving an indeterminate sentence under the Three Strikes law whose underlying convictions do not render them ineligible and who are not found to pose an unreasonable risk of danger to society. And, like 18 U.S.C. § 3582(c)(2), the Reform Act limits the court's discretion during resentencing to a sentence that was equal to, or less than, the sentence previously imposed.

On the other hand, C.P.C. § 1170.126 differs from 18 U.S.C. § 3582(c)(2) in several relevant particulars. Notably, it expressly provides for a "resentencing," C.P.C. §§ 1170.126(e) and (f); provides that prisoners have the right to be present at resentencing proceedings, *id.* § 1170.126(m); and, unlike 18 U.S.C. § 3582(c)(2), it does not make the court's power to grant relief dependent on the policy decisions of an outside agency.

These distinctions ultimately make no difference. Although *Dillon*'s narrow holding does not necessarily foreclose the application of *Apprendi* and its progeny to proceedings to recall, reduce or modify a lawfully imposed sentence, the Supreme Court has never applied *Apprendi* in such circumstances. Nor is this Court aware of any court that has applied *Apprendi* in a context analogous to this one. What Spells asks for is thus an extension of Supreme Court precedent to an entirely new context, something this Court has no authority to do. *See White*, 134 S. Ct. at 1706; *Murdoch*, 609 F.3d at 991. Accordingly,

the decision of the California Court of Appeal was neither contrary to, nor an unreasonable application of clearly established federal law, as determined by the Supreme Court.

## V. CONCLUSION

For the reasons stated, the Court **RECOMMENDS** that the Petition for Writ of Habeas Corpus be **DENIED**.

**IT IS ORDERED** that no later than **September 9, 2016**, any party to this action may file written objections with the Court and serve a copy on all parties. The document should be captioned, "Objections to Report and Recommendations."

**IT IS FURTHER ORDERED** that any reply to the objections shall be filed with the Court and served on all parties no later than **September 30, 2016**. The parties are advised that failure to file objections within the specified time may waive the right to raise those objections on appeal of the Court's order. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991).

**IT IS SO ORDERED.**

Dated: August 5, 2016

Hon. William V. Gallo
United States Magistrate Judge