# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRIS LEON SPELLS,<br><br>                    Petitioner,<br><br>   v.<br><br>SCOTT KERNAN, et al.,<br><br>                    Respondents. | Case No. 16-cv-102-BAS (WVG)<br><br>**AMENDED ORDER:**<br><br>**(1) ADOPTING REPORT AND RECOMMENDATION IN ITS ENTIRETY;**<br><br>**(2) DENYING PETITION FOR WRIT OF HABEAS CORPUS** |

## INTRODUCTION

On January 14, 2016, Petitioner Chris Leon Spells brought a Petition for Writ of Habeas Corpus ("Petition") under 28 U.S.C. § 2254, challenging the denial of his petition for resentencing under the California Three Strikes Reform Act of 2012. (ECF No. 1.) Respondents answered on April 5, 2016, and Petitioner filed his traverse on May 3, 2016.

On August 5, 2016, United States Magistrate Judge William V. Gallo issued a Report and Recommendation ("R&R") recommending that this Court deny the Petition. (ECF No. 10.) Magistrate Judge Gallo also ordered that any objections be filed no later than September 9, 2016, and any replies no later than September 30,

2016. To date, no objections have been filed, and neither party has requested additional time to do so.

## DISCUSSION

The Court reviews *de novo* those portions of an R&R to which objections are made. *See* 28 U.S.C. § 636(b)(1). The Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id.* "The statute makes it clear," however, "that the district judge must review the magistrate judge's findings and recommendations de novo *if objection is made*, but not otherwise." *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc) (emphasis in original); *see also Schmidt v. Johnstone*, 263 F. Supp. 2d 1219, 1226 (D. Ariz. 2003) (concluding that where no objections were filed, the district court had no obligation to review the magistrate judge's report). "Neither the Constitution nor the statute requires a district judge to review, de novo, findings and recommendations that the parties themselves accept as correct." *Reyna-Tapia*, 328 F.3d at 1121. This legal rule is well-established in the Ninth Circuit and this district. *See Wang v. Masaitis*, 416 F.3d 992, 1000 n.13 (9th Cir. 2005) ("Of course, de novo review of a[n] R & R is only required when an objection is made to the R & R."); *Nelson v. Giurbino*, 395 F. Supp. 2d 946, 949 (S.D. Cal. 2005) (Lorenz, J.) (adopting report in its entirety without review because neither party filed objections to the report despite the opportunity to do so); *see also Nichols v. Logan*, 355 F. Supp. 2d 1155, 1157 (S.D. Cal. 2004) (Benitez, J.).

In this case, the deadline for filing objections was September 9, 2016. However, no objections have been filed, and neither party has requested additional time to do so. Consequently, the Court may adopt the R&R on that basis alone. *See Reyna-Tapia*, 328 F.3d at 1121. Nonetheless, having conducted a *de novo* review of the Petition (ECF No. 1), Respondents' Answer (ECF No. 7), Petitioner's Traverse (ECF No. 9), the lodgments (ECF No. 8), and Magistrate Judge Gallo's R&R, the Court concludes that Judge Gallo's reasoning is sound. Accordingly, the Court

approves and **ADOPTS IN ITS ENTIRETY** the R&R. *See* 28 U.S.C. § 636(b)(1). The Petition for Writ of Habeas Corpus is **DENIED**.

## CERTIFICATE OF APPEALABILITY

A certificate of appealability may issue only if the applicant makes a substantial showing of the denial of a constitutional right. *See* 28 U.S.C. § 2254, R. 11(a); 28 U.S.C. § 2253(c)(2). Under this standard, a petitioner must show that reasonable jurists could debate whether the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further. *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). Here, Petitioner has not made the requisite showing. Because reasonable jurists would not find the Court's disposition of the petition debatable or wrong, the Court **DENIES** a certificate of appealability. *See Slack*, 529 U.S. at 484.[1]

**IT IS SO ORDERED.**

**DATED:  October 19, 2016**

Hon. Cynthia Bashant
United States District Judge

---

[1] This Order vacates and supersedes the Court's Order dated October 11, 2016 (ECF No. 11).